**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Thomas Eugene Lightfoot, | ) | |
| | ) | Civil Action No. 2:14-cv-02367-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Thomas Eugene Lightfoot ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. § 405(g). (ECF No. 1.)

This matter is before the court for review of the Report and Recommendation ("Report) of United States Magistrate Judge Mary Gordon Baker, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 16.) On July 15, 2015, the Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). (Id.) Plaintiff timely filed objections to the Report. (ECF No. 18.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for DIB.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A thorough recitation of the relevant factual and procedural background of this matter is discussed in the Report. (See ECF No. 16 at 2–5.) The court concludes, upon its own careful review of the record, that the Report's factual and procedural summation is accurate, and the

1

court adopts this summary as its own.  The court will only reference herein background pertinent to the analysis of Plaintiff's claims.

Plaintiff was born September 12, 1952, and was 57 years old on his alleged disability onset date of July 25, 2010.  (Id. at 2.)  In March 2010, Plaintiff was fired from his position as a facilities supervisor at a middle school.  (Id. at 2-3.)  On September 29, 2010, Plaintiff filed an application for Title II benefits, alleging disability due to "diabetes, hepatitis C, cerebral palsy, and left knee problem." (Id.)  His application was denied initially and upon reconsideration.  (Id.)  Upon subsequent request, on November 30, 2012, the Administrative Law Judge ("ALJ") held a hearing with Plaintiff (represented by counsel) and a vocational expert ("VE").  (Id.)  On February 14, 2013, the ALJ issued a decision finding that Plaintiff was not disabled from July 25, 2010 through the date of decision.  (Id.)

The ALJ found that Plaintiff met the insured status requirement and had not performed "substantial gainful activity" since July 25, 2010.  (Id.)  The ALJ found that Plaintiff had severe impairments due to "hepatitis C, abdominal hernia, and history of seizure . . . as well as some medically determinable non-severe impairments that only minimally affected him."  (Id. at 3-4.)  The ALJ found that Plaintiff "did not have an impairment or combination of impairments, that met or medically equaled the criteria of any Listing, including Listing 5.05 for Chronic Liver Disease, and Listing 11.02 and 11.03 for Epilepsy."  (Id. at 4.)

Then, the ALJ determined that Plaintiff's residual functional capacity ("RFC"), which is defined as "the most [one] can do despite [one's] limitations."  (Id. (quoting 20 C.F.R. §§ 404.1545(a)(1)), 416.945(a)(1); SSR 96-8p).)   The ALJ found that Plaintiff could "perform a range of medium work within certain postal and environmental restrictions, including that he should avoid all exposure to hazards and never climb ladders, ropes, and scaffolds." (Id.)  The

ALJ determined that Plaintiff could not perform his past relevant work.[1]  (Id.) The ALJ determined that based on Plaintiff's RFC, age, education, work experience, and the VE's testimony, Plaintiff could still perform a significant number of jobs in the national economy. (Id.)  The ALJ concluded that Plaintiff was not disabled from July 25, 2010 through the date of decision on February 14, 2013.  (Id. at 4-5.)  The Appeals Counsel denied review, and the ALJ's decision is the Commissioner's final decision.  (Id. at 5.)

Thereafter, on June 13, 2014, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB. (ECF No. 1.)  On July 15, 2015, the Magistrate Judge issued her recommendation that the Commissioner's final decision denying Plaintiff's claim for DIB be affirmed.  (ECF No. 16.) Plaintiff timely filed Objections to the Report (ECF No. 18) and the Commissioner filed a Reply (ECF No. 19).

## II.  LEGAL STANDARD

### A.  The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court reviews *de novo* only those portions of a Magistrate Judge's Report to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error.  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify, in

---

[1] Plaintiff has substantial past relevant work experience as a service manager for Quaker Chemical Co. for over ten years.  (ECF No. 16 at 2.)

whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

    B. Judicial Review of the Commissioner

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. See Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." Vitek, 438 F.2d at 1157–58.

### III. ANALYSIS

Plaintiff raises two objections: The Report erred in (1) applying the wrong legal standard for evaluation of Plaintiff's RFC, and (2) in interpreting the treating physician rule. (ECF No. 18.) Defendant maintains that Plaintiff's objections "essentially constitute a reiteration of Plaintiff's previous contentions." (ECF No. 19.) "[G]eneral objections to a magistrate judge's

report and recommendation, reiterating arguments already presented, lack the specificity required by [Fed. R. Civ. P.] 72 and have the same effect as a failure to object. In such circumstances, the district court should uphold the magistrate judge's report and recommendations unless clearly erroneous or contrary to law." See Parker v. Comm'r of Soc. Sec., No. 4:11CV00030, 2012 WL 1356593, at *5 (W.D. Va. Apr. 19, 2012) (citing Veney v. Astrue, 539 F. Supp. 2d at 841, 844 (W.D. Va. 2008)). Although Plaintiff's Brief and Brief in Response raised similar arguments, the court observes that Plaintiff has in various parts of his Objection modified the thrust of his arguments. (See ECF Nos. 11, 13, 18.) The court therefore addresses those arguments.

    1.  Residual Functional Capacity

Plaintiff maintains that the ALJ failed to provide a detailed "function by function" explanation of Plaintiff's RFC as required by Social Security Ruling ("SSR") 96–8p, and that the Magistrate Judge failed to put the Report to this test.[2] (ECF No. 18 at 2 (adding that Plaintiff's case should be examined in regard to whether he could perform medium exertional level work rather than generalized ability to work).) SSR 96-8p instructs that:

> [T]he [RFC] assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations. Only after that may [RFC] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy. [SSR 96-8p] further explains that the [RFC] assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations).

Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (citations and internal quotations omitted).

---

[2] SSR 96-8p's Title is "Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims."

In Mascio, the court stated that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."[3] Id. at 637 (remanding because ALJ had failed to explain whether claimant could perform certain functions for a whole workday and "especially" because ALJ had failed to indicate the weight given to two RFC assessments which contained relevant conflicting evidence regarding the claimant's weight lifting abilities). Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds" and requires an individual to be on her feet for up to six hours during an eight-hour workday. 20 C.F.R. § 404.1567(c); SSR 83–10, 1983 WL 31251, at *6.

Here, unlike Mascio, the ALJ addressed conflicting evidence and the court is able to meaningfully review how the ALJ arrived at her conclusion. Cf. Mascio, 780 F.3d at 637. As the Report correctly observed, "the ALJ discussed [Plaintiff's] RFC for several pages, including Dr. Spero's [a non-treating physician] RFC assessment that [Plaintiff] could still perform a range of medium work within certain restrictions." (ECF No. 16 at 20-21 (noting, *inter alia*, Dr.

---

[3] Mascio summarizes the listed functions as follows:

> (1) physical abilities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching); (2) mental abilities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting; and (3) other work-related abilities affected by impairments such as skin impairment(s), epilepsy, impairment(s) of vision, hearing or other senses, and impairment(s) which impose environmental restrictions.

Id. at 636 n.5 (citing 20 C.F.R. § 416.945(b)-(d)) (internal quotations omitted).

Spero's assessment that Plaintiff retained the ability to carry 25 lbs. frequently, stand and/or walk about six hours in an eight hour workday, sit about six hours in an eight hour workday . . . .").)

Plaintiff maintains that the ALJ's discussion of Plaintiff's RFC is merely a "seriatim recitation of records with no analysis" and is "actually a discussion of the treating physicians' opinions rather than RFC." (ECF No. 18 at 4-5.) "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ-not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009); Mellon v. Astrue, C/A 08–2110, 2009 WL 2777653, at *17 (D.S.C. Aug. 10, 2009) (holding the ALJ's implicit findings regarding Plaintiff's functional capabilities were sufficient because the ALJ's narrative discussion provided a logical bridge between his conclusions regarding the claimant's RFC and the evidence). Given the ALJ's discussion of Dr. Spero's assessment, the weight she accorded to this assessment, and her conclusion regarding the general consistency of this assessment with the record, the ALJ's discussion of Plaintiff's RFC was not inadequate or ambiguous as in Mascio. Here, the ALJ's discussion does not require intuition in order to be understood. The ALJ built a "logical bridge" between the conclusions regarding the RFC and the evidence. This analysis is supported by substantial evidence. Accordingly, Plaintiff's objection is without merit.

    2.  Treating Physician Rule

Plaintiff maintains that the Report failed to employ the right standard in evaluating the treating physician rule. (ECF No. 18 at 7.) Specifically, Plaintiff argues that the Report: (1) improperly criticized findings that treating physicians wrote on fill-in-the-blank forms; (2) incorrectly stated that the treating physician rule does not allow the treating physician to state

7

that Plaintiff is disabled; and (3) allows the ALJ to ignore significant laboratory findings and avoid the issue of intermittent capacity. (ECF No. 18 at 7-9.)

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has described the treating physician rule as follows:

> Although the treating physician rule generally requires a court to accord greater weight to the testimony of a treating physician, the rule does not require that the testimony be given controlling weight. Rather, according to the regulations promulgated by the Commissioner, a treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. Thus, '[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.' Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence.

Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (citations and internal quotations omitted). Moreover, the Fourth Circuit recently stated that:

> A 'non-examining physician's opinion cannot, by itself, serve as substantial evidence supporting a denial of disability benefits when it is contradicted *by all of the other evidence* in the record.' However, the 'testimony of a nonexamining physician can be relied upon when it is consistent with the record.'

Tanner v. Comm'r of Soc. Sec., 602 F. App'x 95, 101 (4th Cir. 2015) (unpublished) (quoting Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)) (emphasis in original). Here, the Report correctly observed that the ALJ had properly accorded less weight to the treating physicians' opinions. (ECF No. 16 at 10-13.) The ALJ accorded "great weight" to Dr. Spero's assessment, "minimal weight" to Dr. Stewart's assessment and "little weight" to Dr. Suber's assessment – two treating physicians. (ECF No. 16 at 10-13 (noting that the opinions of two treating

8

physicians "were not based on a long treatment history, were inconsistent with each other, and were inconsistent with other evidence of record").)  Accordingly, the court finds that the ALJ employed the right standard in evaluating the treating physician rule.

Concerning Plaintiff's argument regarding the use of fill-in-the-blank forms, the court notes that the Magistrate Judge addressed this argument and properly recognized the forms' limited probative value.  (ECF No. 16 at 10-11.)  In explaining the weight accorded to these forms, the Magistrate Judge acknowledged the treating physicians' comments on the forms, but concluded that those comments did not address "specifics of [Plaintiff's] functional abilities." (Id. at 11-12 (adding that treating physicians did not have a lengthy history with Plaintiff, their opinions were inconsistent with each other and other evidence of record).)  Accordingly, Plaintiff's objection is without merit.

Next, the court notes that the Magistrate Judge did not state that the treating physicians are not allowed to state that claimants are disabled.  (Id. at 10.)  The Report stated that: "[O]pinions by physicians regarding the ultimate issue of whether a claimant is 'disabled' under the SSA must be considered, but need not be given controlling weight, because the decision on that issue is reserved to the Commissioner alone."  (Id. (citing 20 C.F.R. § 416.927(d)).)  This is a correct statement of the law.  See Edwards v. Colvin, No. 4:14–CV–94–D, 2015 WL 5038714, at *4 (E.D.N.C. July 14, 2015) (stating that "an opinion that a claimant is 'disabled' or 'unable to work' is not a medical opinion but an administrative finding").[4]  Accordingly, Plaintiff's objection is without merit.

---

[4] The district court in Edwards stated in full that:

> Opinions from medical sources on the ultimate issue of disability are reserved to the Commissioner and are not entitled to any special weight based on their source, in particular controlling

9

Finally, Plaintiff argues that the ALJ ignored certain laboratory findings and improperly avoided the issue of intermittent incapacity. (ECF No. 18 at 9 (maintaining that under this doctrine, if some testing is negative on some days, positive on others days, the ALJ is required to evaluate the issue of intermittent capacity).) In support, Plaintiff refers to Totten v. Califano, 624 F.2d 10, 12 (4th Cir. 1980), which stated that: "The ALJ must . . . make specific findings on whether [claimant's] intermittent incapacity constitutes an inability to perform any substantial gainful activity." Regarding the alleged omission of certain laboratory findings, the court observes that the Report addressed this argument and properly found that the ALJ had considered these laboratory findings. (ECF No. 16 at 21-22.) Although Plaintiff characterizes these laboratory findings as a conclusion that Plaintiff is intermittently incapacitated, the ALJ acknowledged these findings and stated that they "merely showed the presence of hepatitis C, a prior hepatitis B infection and modestly high AST levels." (Id. at 21.) The Report properly concluded that the ALJ's RFC assessment was supported by substantial evidence. See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (stating that in reviewing the ALJ's decision for substantial evidence to support ALJ's factual findings, the court will not reweigh conflicting evidence or substitute its judgment for that of the ALJ). Accordingly, Plaintiff's objection is without merit.

---

weight. See 20 C.F.R. § 404.1527(d)(1), (3); Soc. Sec. R. 96–5p, 1996 WL 374183, at *2, 5 (July 2, 1996); Dowdle v. Astrue, No. 2:10–CV–2308–MBS, 2012 WL 887471, at *8 (D.S.C. Mar. 15, 2012) ("An opinion that a claimant is 'disabled' or 'unable to work' is not a medical opinion but an administrative finding, and a physician's opinion on this ultimate issue is not entitled to special weight."). Nonetheless, these opinions may not be ignored, but must be evaluated using the applicable factors in the 20 C.F.R. § 404.1527(c). Soc. Sec. R. 96–5p, 1996 WL 374183, at *3.

Edwards, 2015 WL 5038714, at *4.

### III.  CONCLUSION

For the reasons set forth herein, the court **ACCEPTS** the Report (ECF No. 16) and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for Disability Insurance Benefits.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 25, 2015
Columbia, South Carolina

11